**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHARIF MOBLEY,

Plaintiff,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 11-1437
Judge Beryl A. Howell

**MEMORANDUM OPINION**

Plaintiff Sharif Mobley is a United States citizen currently imprisoned in Yemen. He believes that the United States had a role in his seizure and detention, and submitted a request pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act ("PA") to the defendant Department of Justice for records relating to his incarceration. The defendant identified thirteen records responsive to the plaintiff's FOIA/PA request, but withheld these documents citing statutory exemptions that allow the defendant to withhold information relating to national security and privilege. The plaintiff subsequently initiated the instant lawsuit in an effort to obtain the documents he requested. The defendant has moved to dismiss these claims, pursuant to FED. R. CIV. P. 12(b)(6), arguing that the plaintiff fails to state a cognizable claim because he does not allege that the defendant improperly withheld documents. The Court disagrees. Accordingly, the defendant's motion to dismiss is DENIED.

## I. BACKGROUND

Plaintiff Sharif Mobley is currently imprisoned in Yemen. Compl. ¶ 3. Although the details surrounding the plaintiff's initial arrest are unclear, the plaintiff states that he is accused of murdering a prison guard and his "defense to this charge relies on his ability to produce

evidence of the United States government's role in his arrest and incarceration." Pl.'s Notice, ECF No. 14.

In an effort to obtain information, on July 22, 2010, the plaintiff submitted to the defendant's Office of Legal Counsel (OLC) a FOIA and Privacy Act request for records pertaining to his seizure and detention in Yemen and the role of the U.S. government in his and others' situations. Compl. ¶ 6. On September 13, 2010, the defendant acknowledged receipt of the plaintiff's request and assigned it Request No. FY 10-73. *Id.* ¶ 7.

Seven months later, on April 8, 2011, the defendant informed the plaintiff that it had identified thirteen records responsive to his request, but was withholding all thirteen documents in their entirety under FOIA exemption 5 U.S.C. § 552(b)(1), which exempts from disclosure documents pertaining to national defense or foreign policy, and eleven documents in their entirety under FOIA exemption (b)(5), citing the deliberative process and attorney-client privileges. *Id.* ¶ 8. The plaintiff alleges that the defendant "did not invoke any Privacy Act exemptions to justify its withholding determinations, nor did it provide any identifying information about the withheld records." *Id.* ¶ 9.

On May 23, 2011, plaintiff's counsel contacted the defendant to confirm that the plaintiff's request was to be processed under both FOIA and the Privacy Act and to request a list of the withheld records. *Id.* ¶ 10. The defendant responded the following day, on May 24, 2011, informing plaintiff's counsel that it did not locate any responsive records in Privacy Act systems of records, and further stated that the defendant would not comply with the plaintiff's request for a description of records that were withheld as "it would not be appropriate for [the defendant] to provide such a description because the records are classified." *Id.* ¶ 11.

Due to the defendant's refusal to provide a list of the withheld documents, and "in an attempt to forestall [] litigation," on May 26, 2011, plaintiff's counsel replied to the defendant by email asking: "As the scope of [plaintiff's] request is somewhat broader than just records about Mr. and Mrs. Mobley, please clarify: do any of the withheld records directly refer to him or his family? I am not asking if they are 'located in a system of records' of anything similar; I simply need to know if they are general records about renditions and the like, or if they directly discuss Mr. Mobley." *Id.* ¶ 12. Later that day, the defendant responded that "[b]ecause these are classified documents, [the defendant was] not at liberty to respond . . . ." *Id.* ¶ 13.

On May 31, 2011, the plaintiff filed an administrative appeal to the defendant's Office of Information Policy (OIP) contesting the defendant's refusal to provide a list of withheld records and requesting that the defendant "[p]lease provide us with a legally sufficient denial letter as soon as practicable."[1] *Id.* ¶ 14.

On August 8, 2011, the plaintiff filed a Complaint in this Court against the defendant pursuant to FOIA, the Privacy Act, the Federal Declaratory Judgment Act, and the All Writs Act. ECF No. 1. The plaintiff asserts that he "does not currently intend to challenge [the defendant's] withholding determinations, but does insist on his due process right to a list of records withheld in their entirety. [The defendant] has denied him of this right, forcing him to file this lawsuit to obtain a *Vaughn* index." *Id.* ¶ 17. The plaintiff notes that although he "does not currently intend to challenge OLC's withholding determinations," he "reserves his right to challenge some or all of the withholdings." *Id.* at 4 n.1. The plaintiff specifically requests, *inter alia*, an order directing the defendant "to immediately provide Plaintiff and the Court with a legally sufficient *Vaughan* index," and relief "including, but not limited to, ordering [the defendant] to release

---

[1] The plaintiff states that on June 10, 2011, the defendant acknowledged the plaintiff's appeal and assigned it Appeal No. AP-2011-02085. Compl. ¶ 15. The plaintiff does not, however, indicate how, when, or if this administrative appeal was resolved.

records to Plaintiff which he has identified after receipt of its *Vaughn* index as not properly exempt." Compl., Prayer for Relief.

On October 10, 2011, the defendant moved to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6), arguing that the plaintiff "explicitly disavows" that the defendant improperly withheld the requested records and therefore fails to state a claim upon which relief may be granted. Def.'s Mot. Dismiss, ECF No. 10. This motion is currently pending before the Court.

As explained below, contrary to the basis proffered by the defendant for its motion, the plaintiff has not "explicitly disavowed" that the requested documents were improperly withheld. Rather, he sets forth a general allegation that the plaintiff is challenging the defendant's withholdings. The Complaint therefore states a cognizable claim. Accordingly, the defendant's motion to dismiss is DENIED.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); FED. R. CIV. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940, 1949; *Rudder v. Williams*, No. 10-cv-7101, 2012 WL 119589, at *2 (D.C. Cir. Jan. 17, 2012). The Court must "assume all the allegations in the complaint are true (even if doubtful in fact) . . .

[and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations and citations omitted).

**III. DISCUSSION**

The defendant argues that the Complaint should be dismissed because the plaintiff "explicitly disavows any claim that the [defendant] has 'improperly withheld' any agency records" and therefore "fails to state a legally-valid claim under FOIA or any other provision of law." Def.'s Mem. in Supp. of Mot. Dismiss, ECF No. 10 ("Def.'s Mem"), at 3. According to the defendant, the plaintiff's Complaint seeks only a *Vaughn* index associated with the records withheld by the defendant, and the Court may not order the defendant to produce a *Vaughan* index "outside the context of a properly-pleaded and supported claim of 'improper' withholding of agency records." Def.'s Mem., ECF 10, at 1-2. Despite the defendant's assertions, the Complaint does not "explicitly disavow" that the defendant improperly withheld documents, but rather sets forth general allegations sufficient to maintain a cognizable FOIA claim. The defendant's motion to dismiss is therefore denied.

FOIA provides that "[o]n complaint, the district court of the United States in the district [where venue is proper] has jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). To state a valid claim under this statute, the plaintiff must allege that the defendant (1) improperly; (2) withheld; (3) agency records. *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)); 5 U.S.C. § 552(a)(4)(B).

The defendant contends that the plaintiff "explicitly disavows any claim" that the defendant improperly withheld responsive documents, but that is an over-reading of the Complaint. The defendant's characterization ignores the fact that the Complaint actually stated that the plaintiff "does not *currently* intend to challenge OLC's withholding determinations," and states in an associated footnote that the plaintiff "reserves his right to challenge some or all of the withholdings" following his review of the *Vaughn* index. Compl. at 4 n.1. Indeed, the plaintiff includes in his Prayer for Relief a request for an order directing the defendant "to release records to Plaintiff which he has identified after receipt of [the] *Vaughn* index as not properly exempt." *Id.*, Prayer for Relief, ¶ 5. The plaintiff concedes in his opposition to the defendant's motion to dismiss that "it is very likely that the records are properly classified and accordingly exempt under FOIA exemption (b)(1)," Pl.'s Mem. in Opp'n to Mot. Dismiss, ECF No. 11 ("Pl.'s Mem."), at 2, but this frank assessment of his own case does not negate the fact that the plaintiff initiated the instant lawsuit because he suspects that the defendant improperly withheld documents, and states in his Complaint that he intends to contest withholdings that he deems to be improper. This is sufficient to support a claim under 5 U.S.C. § 552(a)(4)(B).

Given that the Complaint sets forth a cognizable FOIA claim, the Court need not reach the plaintiff's argument that "agencies are required to provide requesters with at least a list of records that are withheld in their entirety at the administrative stage," as well as the contention that failure to provide such a list constitutes denial of Due Process. Pl.'s Mem., ECF 11, at 4. The Court is skeptical of the plaintiff's argument, however. The plaintiff relies on *Shermco Indus. v. Sec'y of the U.S. Air Force*, 452 F. Supp. 306, 317 n.7 (N.D. Tex. 1978), *rev'd on other grounds*, 613 F. 2d 1314 (5th Cir. 1980), for the proposition that a FOIA requester "cannot effectively appeal a decision about the releasability of documents . . . if he is not informed of at

least a list of the documents to which he was denied access . . . and why those were made." Pl.'s Mem., ECF 11, at 4.  Aside from this *dicta* in *Shermco*, and three cases citing it without extensive discussion,[2] there is scant support for the position that agencies are required to provide a list of all withheld documents in response to a FOIA request.[3]  Indeed, the statutory text belies such a conclusion.

FOIA requires each agency receiving a request for disclosure of documents to "notify the person making such request of [its] determination and the reasons therefor," and, *inter alia*, "make a reasonable effort to estimate the volume of any [denied] matter" and "provide any such estimate to the person making the request." 5 U.S.C. §§ 552(a)(6)(A)(i); (F).  The plain text of the statute does not require agencies to provide a list of withheld documents, but only to make a reasonable effort to estimate the volume of the documents withheld.  The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers.  *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_ XVIII_2/page2.htm.  Given that the unambiguous text of the statute imposes no procedural requirement on agencies to provide a list of withheld documents at the administrative stage, the Court declines to devise one here.  *See Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 131 S.Ct. 1885, 1893 (2011) ("In interpreting a statute, [the Court's] 'inquiry must cease if the statutory language is unambiguous,'" quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).

---

[2] *See Va. Transformer Corp. v. DOE*, 628 F. Supp. 944, 947 (W.D. Va. 1986); *Reith v. IRS*, No. 80-cv-87, 1980 U.S. Dist. LEXIS 14188, *13 (N.D. Ind. Sept. 10, 1980); *Marschner v. Dep't of State*, 470 F. Supp. 196, 199 (D. Conn. 1979).

[3] The defendant further asserts that "[a]ll four of the cited cases addressed a different provision of FOIA not in question in this case.  Those cases asked whether a particular agency response constituted a 'determination' under 5 U.S.C. § 552(a)(6)(A) on a FOIA request for purposes of triggering the requirement of exhaustion of administrative remedies." Def.'s Reply Mem., ECF 12, at 3.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that the plaintiff has set forth a cognizable FOIA claim. Consequently, the defendant's Motion to Dismiss is DENIED. An Order consistent with this Memorandum Opinion shall be entered.

**DATED: FEBRUARY 27, 2012**  /s/ *Beryl A. Howell*
                             BERYL A. HOWELL
                             United States District Judge