**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARIF MOBLEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *  Civil Action No. 1:11-cv-01437 (BAH) |
| DEPARTMENT OF JUSTICE, | * |
| | * |
| Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Sharif Mobley ("Mobley"), an American citizen arrested and imprisoned in Yemen at the behest of the United States government for alleged ties to al'Qaeda, brought this case against Defendant Department of Justice ("DOJ") after the Office of Legal Counsel ("OLC"), a DOJ component, withheld thirteen documents in their entirety from his Freedom of Information Act ("FOIA") and Privacy Act (collectively "FOIA/PA") request regarding the U.S. government's role in his arrest and incarceration. (Compl. ¶ 6.) When OLC informed Mobley that the records were classified, he requested a list of the withheld documents, as even being able to refer to the existence of these documents would assist in his defense. (*See id.* ¶ 10.) OLC refused this request, and the DOJ Office of Information Policy ("OIP") failed to respond in a timely fashion to his appeal (and reiteration of his request for a list of withheld records), forcing Mobley to file the instant case. (*See id.* ¶¶ 11-15.)

Rather than subject DOJ and the Court to a full briefing of a Motion for Summary Judgment, Mobley elected to initially limit his suit to that which he actually sought, namely, a list of the withheld records. DOJ moved the Court to dismiss Mobley's Complaint because he did

not pretend that he was going to dispute DOJ's withholdings from the outset, thereby requiring DOJ to provide the *Vaughn* index that he sought.  On 27 February 2012 this Court denied DOJ's Motion and ordered DOJ to justify its withholdings by way of a Motion for Summary Judgment and *Vaughn* index.

Rather than comply in good faith with the Court's Order, DOJ has once again refused to provide an adequate *Vaughn* index, this time filing a document that includes such worthless descriptions as "Classified document regarding national security matter" and "Confidential, classified client communication."  (Def.'s Public Vaughn Index, Dkt. #25.)  Citing national security concerns, DOJ also filed a classified, *in camera*, *ex parte Vaughn* index and accompanying declaration with the Court.  However, allowing DOJ to "save" such a patently inadequate *Vaughn* index with a classified, *in camera*, *ex parte* filing would run against decades of FOIA case law, and the Court should accordingly deny DOJ's Motion pending the filing of an appropriate public *Vaughn* index.

## **ARGUMENT**

Mobley concedes that national security concerns may justify the filing of a classified declaration and *Vaughn* index in this case; his objection at this point is one of degree.  DOJ has argued that such banal information about these withheld documents as the following, which has been standard for *Vaughn* indices for decades, is "highly classified" (Colborn Decl. ¶ 11) and inappropriate for public filing:

- The date each record was created;
- The author of each record (or even the office or agency in which the author worked);
- The number of pages in each record;

2

- Whether any record is actually about Mobley; and

- *Any* information regarding the classification of each record (other than to say it was derivatively classified at some level at some point in time by unspecified other agencies). (Curiously, DOJ's brief claims that *some* withheld information is classified Top Secret, citing the Bies Declaration. (*See* Def.'s Mem. Supp. Def.'s Mot. Summ. J. at 11.) However, the Bies Declaration makes no mention of the level of classification of any information.)

Furthermore, DOJ cites multiple privileges to withhold information pursuant to Exemption (b)(5) without providing *any* information in support of these invocations other than recitations of the appropriate standards. "An agency cannot meet its statutory burden of justification by conclusory allegations of possible harm. It must show by specific and detailed proof that disclosure would defeat, rather than further, the purposes of FOIA." *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1977). "An affidavit that contains merely a 'categorical description of redacted material coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate.'" *PHE, Inc. v. DOJ*, 983 F.2d 248, 250 (D.C. Cir. 1993), quoting *King v. DOJ*, 830 F.2d 210, 224 (D.C. Cir. 1987). "[T]he affidavits must show, with reasonable specificity, why the documents fall within the exemption. The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979) (footnote omitted). "The [D.C.] Circuit, though expressly disclaiming any attempt to provide 'an encompassing definition of *conclusory assertions*,' noted that 'it is enough that where no factual support is provided for an essential element of the claimed privilege or shield,

the label *conclusory* is surely apt.'" *Jarvik v. CIA*, 741 F. Supp. 2d 106, 120 (D.D.C. 2010), quoting *Senate of Puerto Rico v. DOJ*, 823 F.2d 574, 585 (D.C. Cir. 1987).

Faced with DOJ's public filings, Mobley is presented with two equally unpalatable options. First, he can file a lengthy dissertation in which he attempts to cover every possible weakness that *might* be revealed in DOJ's classified filings, no matter how esoteric (e.g. were these records cited in support of a final agency decision, rendering them outside the scope of Exemption (b)(5); were they classified after OLC received his FOIA/PA request, requiring an agency director or similarly situated official to personally take part in any classification decision; were they responsible in part for his seizure by Yemeni authorities, rendering them subject to the Privacy Act under the exception to Exemption (k)(2); etc.). Alternatively, he can simply proffer without any factual basis an unadorned argument that the records are improperly withheld and ask the Court to investigate every possible argument *sua sponte*, in effect turning the Court into his counsel.

In short, DOJ has spectacularly failed to provide *any* useful information that can be relied upon by Mobley to mount any sort of particularized opposition. While it is likely that some information may not be appropriate for a public filing, the difference between that legitimate amount of information and the amount not being provided by DOJ is a chasm of epic proportions. DOJ cannot be allowed to ride roughshod over the decades of FOIA jurisprudence since *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), simply by claiming national security concerns. "[D]eference is not equivalent to acquiescence; the declaration may justify summary judgment only if it is sufficient 'to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.'" *Campbell v. DOJ*, 164 F.3d 20, 31 (D.C. Cir. 1998), quoting *King*, 830 F.2d at

4

218.  At best, DOJ has only met half of the *Campbell* test—even assuming that its classified filings afford the Court "an adequate foundation to review . . . the soundness of the withholding," the unclassified declaration unequivocally fails to "afford the FOIA requester a meaningful opportunity to contest [it]."  The D.C. Circuit's ruling on this is clear—a declaration must meet *both* of these requirements.

      For this reason, Mobley elects to take an admittedly risky third path.  Rather than engage in a scattershot attack on all of the *possible* weaknesses of DOJ's unknown arguments (an endeavor which would necessarily entail missing the mark many more times than he hit it) or relying on the Court to proactively do all of the heavy lifting for him, Mobley rests his opposition squarely on the shoulders of *Campbell* and *Vaughn*.  DOJ's unclassified filings do not allow him anything close to a meaningful opportunity to contest its claims, and the Court should deny its Motion until it files public documents which meet this requirement.

      For the foregoing reasons, the Court should deny Defendant's Motion.

Date:   April 29, 2012

                                            Respectfully submitted,

                                            /s/ Kelly B. McClanahan
                                            Kelly B. McClanahan, Esq.
                                            D.C. Bar #984704
                                            National Security Counselors
                                            1200 South Courthouse Road, Suite 124
                                            Arlington, VA 22204
                                            301-728-5908
                                            240-681-2189 fax
                                            Kel@NationalSecurityLaw.org

                                            *Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARIF MOBLEY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *  Civil Action No. 1:11-cv-01437 (BAH) |
| DEPARTMENT OF JUSTICE, | * |
| | * |
| Defendant. | * |

* * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF**
**MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rules 7(h) and 56.1, Plaintiff submits the following response to Defendant's Statement of Material Facts as to Which There Is No Genuine Issue. The numbered paragraphs below correspond to the numbered paragraphs in Defendant's statement of material facts.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Neither admitted nor denied. This is a legal conclusion and not a statement of fact.

7. Neither admitted nor denied. This is a legal conclusion and not a statement of fact.

8. Neither admitted nor denied. This is a legal conclusion and not a statement of fact.

9. Admitted.

10. Neither admitted nor denied. Defendant's filings are insufficient to allow Plaintiff to form an opinion on the question of withholdings.

11. Neither admitted nor denied. Defendant's filings are insufficient to allow Plaintiff to form an opinion on the question of withholdings.

12. Neither admitted nor denied. Defendant's filings are insufficient to allow Plaintiff to form an opinion on the question of withholdings.

13. Admitted in part, neither admitted nor denied in part. Plaintiff admits that OLC reached this conclusion. Defendant's filings are insufficient to allow Plaintiff to form an opinion on the question of whether the documents are properly classified.

14. Neither admitted nor denied. Plaintiff has no basis for an educated opinion on this issue.

15. Neither admitted nor denied. Plaintiff has no basis for an educated opinion on this issue.

16. Neither admitted nor denied. Plaintiff has no basis for an educated opinion on this issue.

17. Neither admitted nor denied. Plaintiff has no basis for an educated opinion on this issue.

Date: April 29, 2012

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              D.C. Bar #984704
                                              National Security Counselors
                                              1200 South Courthouse Road, Suite 124
                                              Arlington, VA 22204
                                              301-728-5908
                                              240-681-2189 fax
                                              Kel@NationalSecurityLaw.org

                                              *Counsel for Plaintiff*