**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARIF MOBLEY, | |
| Plaintiff, | |
| v. | Civil Action No. 11-1437 (BAH) |
| | Judge Beryl A. Howell |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**MEMORANDUM OPINION**

Plaintiff Sharif Mobley is a United States citizen currently imprisoned in Yemen.  He believes that the United States had a role in his seizure and detention, and submitted a request pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act ("PA") to the defendant Department of Justice for records relating to him or his incarceration.  The defendant identified fourteen records and associated electronic drafts of certain of those records responsive to the plaintiff's FOIA/PA request, but withheld thirteen of these documents (and the drafts) citing statutory exemptions that allow the defendant to withhold information relating to national security and privilege.  The fourteenth document, which was discovered after the onset of litigation, was determined to be partially non-classified and, after partial redaction, was released to the plaintiff.  The defendant now moves for summary judgment, arguing that its response to the plaintiff's FOIA/PA request was fully consistent with its obligations and that the documents were properly withheld under applicable FOIA exemptions.  The Court agrees.  Accordingly, the defendant's motion for summary judgment is GRANTED.

## I.   BACKGROUND

Plaintiff Sharif Mobley, a United States citizen and resident of New Jersey, is currently

imprisoned in Yemen.  Compl. ¶ 3.  Although the details surrounding the plaintiff's initial arrest

are unclear, the plaintiff indicates that he is "facing a capital trial for allegedly murdering a prison

guard in an attempted escape," and his "defense to this charge relies on his ability to produce

evidence of the United States government's role in his arrest and incarceration."  Pl.'s Notice,

ECF No. 14, at 1; *see also id.*, Ex. 1, Decl. of Cori Crider, ¶¶ 8, 10 (noting efforts by plaintiff's

defense counsel to obtain information "regarding the US role in Mr. Mobley's unlawful seizure

and shooting on January 26, 2010").

        In an effort to obtain information that could help lead to his exoneration, on July 22,

2010, the plaintiff submitted to the defendant's Office of Legal Counsel ("OLC") a FOIA and

Privacy Act request for records pertaining to his seizure and detention in Yemen and the role of

the U.S. government in his and others' situations.  Compl. ¶ 6.  Specifically, the plaintiff seeks

records "relating to . . . Mr. Mobley's abduction [in] Yemen . . . , U.S. agencies' involvement

in that disappearance, U.S. agencies' interrogation of Mr. Mobley . . . in Yemen, and the wider

pattern of U.S.-sponsored sweeps and proxy detention in Yemen from January 2010."  Decl. of

Paul P. Colborn, ECF No. 23, ¶ 7 ("Colborn Decl."); *see also id.*, Ex. 1, Pl.'s FOIA Request

dated July 22, 2010; Def.'s Statement of Material Facts, ECF No. 26, ¶ 1.  The plaintiff's FOIA

request further sought "all records in any way relating to, pertaining to, or mentioning himself

by any and all persons or entities, including all persons acting on behalf of the United States."

Colborn Decl., Ex. 1, Pl.'s FOIA Request dated July 22, 2010, at 2. The plaintiff then set forth

sixteen categories of "further requests" that were "made to elucidate the sorts of records in the

likely possession of the target agencies."  *Id.* at 2-5.  The vast majority of those sixteen

categories pertained directly to plaintiff or his family members, but two of the categories were

broader and sought records containing more general information about U.S. government

policy.  *See id.* at 4 (Request Nos. 6, 8).

On September 13, 2010, the defendant acknowledged receipt of the plaintiff's request.

Compl. ¶ 7.  Seven months later, on April 8, 2011, the defendant informed the plaintiff by letter

that it had identified thirteen records responsive to his request, but was withholding all thirteen

documents in their entirety under FOIA exemption 1, 5 U.S.C. § 552(b)(1), which exempts

from disclosure documents pertaining to national defense or foreign policy, and eleven

documents in their entirety under FOIA exemption 5, citing the deliberative process and

attorney-client privileges.  Colborn Decl., ¶ 8.  The defendant did not invoke any Privacy Act

exemptions to justify its withholding determinations, nor did it provide any identifying

information about the withheld records.    Compl. ¶ 9.

On May 23, 2011, plaintiff's counsel contacted the defendant to confirm that the

plaintiff's request was to be processed under both the FOIA and the Privacy Act and to request a

list of the withheld records.  *Id.* ¶ 10.  The defendant responded that no responsive records in

Privacy Act systems of records were located and, further, no description of records that were

withheld would be provided on grounds that "it would not be appropriate for [the defendant] to

provide such a description because the records are classified."  *Id.*  ¶ 11.

On May 31, 2011, the plaintiff filed an administrative appeal to the defendant's Office of

Information Policy ("OIP") contesting the defendant's refusal to provide a list of withheld

records.[1]  *Id.* ¶ 14.  Before the defendant issued a decision on the plaintiff's administrative

appeal, the plaintiff filed a complaint in this Court, on August 11, 2011, against the defendant

pursuant to the FOIA, the Privacy Act, the Federal Declaratory Judgment Act, and the All Writs

Act.  ECF No. 1.

---

[1] The parties have not indicated whether or when this administrative appeal was resolved.

On October 10, 2011, the defendant moved to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6), arguing that the plaintiff had failed to allege that the defendant improperly withheld documents responsive to the plaintiff's FOIA/PA request.  Def.'s Mot. Dismiss, ECF No. 10.  The Court denied this motion on February 27, 2012, holding that the plaintiff's complaint had set forth cognizable claims under FOIA.  *See Mobley v. Dep't of Justice*, No. 11-cv-1437, 2012 WL 604153 (D.D.C. Feb. 27, 2012).  The Court then directed the parties to confer on a joint proposed briefing schedule for the defendant's anticipated motion for summary judgment.  Order dated Feb. 27, 2012, ECF No. 16.

Following denial of the defendant's motion to dismiss, the defendant uncovered additional documents responsive of the plaintiff's request.  Colborn Decl., ¶ 10.  The defendant states that "except for one document, [the] newly discovered documents are classified electronic drafts of documents previously identified as responsive."  *Id.*  The one new document noted as an exception to the classified responsive documents is an unclassified e-mail exchange between the Department of Justice's Civil Division and OLC.  While the email is unclassified, it contained material alleged by the defendant to be protected by the deliberative process privilege and the attorney work product privilege.  Consequently, the defendant redacted the privileged information contained in the email exchange and released the redacted document to the plaintiff on March 30, 2012.  *Id.*

On April 2, 2012, the defendant filed a *Vaughn* index[2] regarding the documents that were responsive to the plaintiff's FOIA request but were being withheld pursuant to FOIA exemptions 1 and 5.  ECF No. 25.  The index provided no details other than the following

---

[2] The name of the "Vaughn" index derives from the case *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), in which the D.C. Circuit required an agency withholding records under a FOIA exemption to provide a detailed affidavit summarizing the documents so withheld and setting forth the reason such documents are exempted from disclosure.

general descriptions: "[c]lassified document regarding national security matter" (documents

1-3); "[c]onfidential, classified client communication" (documents 4-7); "[c]lassified internal

OLC document regarding national security matter with handwritten attorney markings"

(documents 8, 11); "[c]opy of Document 8 with handwritten attorney markings" (documents

9, 10); and "[c]opy of Document 11 with handwritten attorney markings (documents 12, 13).

*Id.* The defendant then moved for summary judgment on April 11, 2012, and submitted a

classified *ex parte*, *in camera* submission in support of its motion. *See* Government's Notice

of *Ex Parte, In Camera* Filing, ECF No. 27. The Court reviewed the *ex parte*, *in camera*

submission on June 4, 2012. Following consideration of the information contained in the

defendant's *ex parte* submission, the defendant's motion for summary judgment, as well as the

memoranda of law submitted in support and opposition, the Court concludes that the

defendant's decision to withhold thirteen responsive documents was proper pursuant to FOIA

exemption 1.[3]  Accordingly, the defendant's motion for summary judgment is GRANTED.

## II.     STANDARD OF REVIEW

Congress enacted FOIA to promote transparency across the government. *See* 5 U.S.C. §

552; *Quick v. U.S. Dep't of Commerce, Nat'l Inst. of Standards & Tech.*, 775 F. Supp. 2d 174,

179 (D.D.C. 2011) (citing *Stern v. FBI*, 737 F.2d 84, 88 (D.C. Cir. 1984)). The Supreme Court

has explained that FOIA is "a means for citizens to know 'what their Government is up to.' This

phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a

real democracy." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171-72 (2004)

---

[3] In its motion for summary judgment, the defendant argues that Document 14, which is described in the Vaughn index as "Deliberative information and attorney work product prepared in anticipation of potential litigation redacted from June 17, 2010 email," is protected from disclosure by the deliberative process privilege, as well as the attorney work product doctrine pursuant to FOIA exemption 5. Def.'s Mot. Summ. J, ECF No 26, at 17. The plaintiff has not raised any objection to the redacted document produced by the defendant on March 30, 2012. Rather, the plaintiff's opposition to the defendant's motion for summary judgment focused solely on the vagueness of the *Vaughn* index listings for Documents 1-13. Given that the plaintiff has not contested the redactions in the document, the specific privileges applicable to Document 14 will not be discussed further.

(internal quotations and citations omitted).  "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

The strong interest in transparency must be tempered, however, by the "legitimate governmental and private interests [that] could be harmed by release of certain types of information." *United Techs. Corp. v. Dep't of Defense*, 601 F.3d 557, 559 (D.C. Cir. 2010) (quoting *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992)).  Accordingly, Congress has made certain categories of records exempt from disclosure.  5 U.S.C. § 552(b)(1)-(9) and § 552(c)(1)-(3).  In light of FOIA's "goal of broad disclosure," these exemptions are "explicitly made exclusive, and must be narrowly construed." *Milner v. Dep't of the Navy*, 131 S.Ct. 1259, 1262, 1265 (2011) (internal quotations and citations omitted) (citing *FBI v. Abramson*, 456 U.S. 615, 630 (1982)); *see also Pub. Citizen, Inc. v. Office of Mgmt. and Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).  The court may only "enjoin [a federal] agency from withholding agency records or [] order the production of any agency records [that are] improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  Thus, to successfully assert a claim under FOIA, the plaintiff must prove that the agency (1) improperly (2) withheld (3) agency records.  Indeed, "[j]udicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be

granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986); *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 123 (D.C. Cir. 2011); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). "The mere existence of *some* alleged factual dispute between the parties," however, will not defeat summary judgment; "the requirement is that there be no *genuine* issue of *material* fact." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing *Anderson*, 477 U.S. at 247-48) (emphasis in original). The burden is on the moving party to demonstrate the absence of a "genuine issue of material fact." *Anderson*, 477 U.S. at 248. Thus, in ruling on a motion for summary judgment, the Court must draw all justifiable inferences in favor of the nonmoving party, and shall accept the nonmoving party's evidence as true. *Id.*; *Estate of Parsons*, 651 F.3d at 123; *Tao*, 27 F.3d at 638.

The government is entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records, and each responsive record, which is located, was either produced to the plaintiff or is exempt from disclosure. *See Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice*, 627 F.2d 365, 368–69 (D.C. Cir. 1980). To meet its burden, the government may rely solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)); *see also ACLU v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011); *Consumer Fed'n of Am.*, 455 F.3d at 287 ("Under FOIA, '[s]ummary judgment may be granted on the basis

of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith,'" quoting *Gallant v. NLRB*, 26 F.3d 168, 171 (D.C. Cir. 1994)); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  An agency's declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims . . . ." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted); *see In re Wade*, 969 F.2d 241, 246 (7th Cir. 1992) ("Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned.") (citation omitted).  Agency decisions to withhold information under FOIA, however, are reviewed *de novo* by this court.  *Judicial Watch, Inc. v. U.S. Postal Serv.,* 297 F. Supp. 2d 252, 256 (D.D.C. 2004).

## III.  DISCUSSION

The defendant argues that it is entitled to summary judgment because its "response to the request in this case was proper and fully consistent with its obligations under FOIA."  Def.'s Mot. Summ. J., ECF No. 26, at 2.  Specifically, it argues that the thirteen documents and associated electronic drafts responsive to the plaintiff's FOIA request were withheld in their entirety because they are "currently and properly classified under the criteria of [Executive Order] 13526, 75 Fed. Reg. 707 (Jan. 5, 2010), and they thus meet both the substantive and procedural prerequisites for withholding pursuant to Exemption 1."  *Id.*  The Court agrees.

### A.  FOIA Exemption 1

FOIA exemption 1 protects from disclosure records that are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national

defense or foreign policy, and (B) are in fact properly classified pursuant to such an Executive

order."  5 U.S.C. § 552(b)(1); *see Milner*, 131 S.Ct. at 1271 (noting that among the "tools at hand

to shield national security information and other sensitive materials," the government has

"[m]ost notably, Exemption 1 of FOIA [which] prevents access to classified documents.").

Thus, an agency attempting to withhold information under exemption 1 must show that it

"complies with classification procedures established by the relevant executive order and

withholds only such material as conforms to the order's substantive criteria for classification."

*King v. Dep't of Justice*, 830 F.2d 210, 214 (D.C. Cir. 1987); *see also Lesar v. Dep't of Justice*,

636 F.2d 472, 483 (D.C. Cir. 1980) ("To be classified properly, a document must be classified in

accordance with the procedural criteria of the governing Executive Order as well as its

substantive terms."); *see Salisbury v. United States*, 690 F.2d 966, 970-73 (D.C. Cir. 1982).  In

this case, the government has sufficiently established that the thirteen withheld documents and

associated electronic drafts are classified under Executive Order ("E.O.") 13526 and that this

classification is proper.

E.O. 13526 sets forth four requirements for the classification of national security

information: (1) an original classification authority must classify the information; (2) the U.S.

Government must own, produce, or control the information; (3) the information must be within

at least one of eight protected categories enumerated in section 1.4 of the E.O.; and (4) the

original classification authority must determine that the unauthorized disclosure of the

information reasonably could be expected to result in a specified level of damage to the national

security, and the classification authority is able to identify or describe the damage.  *See* E.O.

13526 § 1.1(a).

**B.   FOIA Exemption 1 Applies to the Documents at Issue**

The defendant acknowledges that the OLC – the Department of Justice division to which the plaintiff's FOIA request was directed – does not have original classification authority pursuant to E.O. 13526.  Def.'s Mot. Summ. J., ECF No. 26, Ex. 1, Decl. of John E. Bies, ¶ 3. The OLC, however, regularly receives classified information from its "Executive Branch clients," and "is required to mark and treat that information as derivatively classified to the same extent as its clients have identified such information as classified.  Accordingly, all classified information in OLC's possession or incorporated into its products has been classified by another agency or component with original classifying authority."  *Id.*

The defendant avers that the documents at issue in this case "are marked as classified because they were marked as classified when OLC received them or because they contain information OLC received from other components or agencies that was marked as classified." *Id.* ¶ 4.  Consequently, "although OLC has confirmed with those clients that, in their view, the documents remain highly classified, [] only those clients can properly demonstrate for the Court that the standards of Section 1.1(a) of E.O. 13526 are met with respect to the responsive records in this case."  Def.'s Mot. Summ. J., ECF No. 26, at 11.  The defendant states that due to the "highly sensitive nature of the responsive records . . . it is not possible to demonstrate to the Court in a public setting that the requested records are currently and properly classified" because "the very association of the identities of the original classifying authorities with this matter is itself a classified fact."  *Id.* at 11-12.  The defendant therefore submitted to the Court an *ex parte*, *in camera* classified submission to demonstrate that the defendant satisfied both the procedural and substantive requirements for invoking exemption 1.  *See* Government's Notice of *Ex Parte, In Camera* Filing, ECF No. 27.

On June 4, 2012, the Court reviewed the defendant's classified *ex parte*, *in camera* submission.  The FOIA expressly contemplates that an agency may submit records or other information to the Court *in camera* to sustain its burden of showing that the records are properly withheld.  5 U.S.C. § 552(a)(4)(B) ("[T]he court . . . may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.").  When reviewing such submissions, courts are directed to afford "substantial weight" to agency declarations because courts "lack the expertise necessary to second-guess such agency opinions in the typical national security FOIA case." *ACLU v. Dep't of Defense*, 628 F.3d at 619 (quoting *Wolf v. CIA,* 473 F.3d 370, 374 (D.C. Cir. 2007) and *Krikorian v. Dep't of State,* 984 F.2d 461, 464 (D.C. Cir. 1993)); *see also Students Against Genocide*, 257 F.3d at 833 ("[I]n national security cases like this one, 'Congress has instructed the courts to accord 'substantial weight' to agency affidavits,'" quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)).  Courts have "consistently deferred to executive affidavits predicting harm to national security, and have found it unwise to undertake searching judicial review." *ACLU v. Dep't of Defense*, 628 F.3d at 624 (quoting *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 927 (D.C. Cir. 2003)) (internal quotation mark omitted).  Thus, the defendant's arguments in its submission "need only be both 'plausible' and 'logical' to justify the invocation of a FOIA exemption in the national security context." *Id.* at 624 (citing *Wolf,* 473 F.3d at 374-75).

The defendant's *ex parte*, *in camera* filing in this case contains classified declarations from government officials showing that the E.O. classification requirements are met for the documents at issue.  In addition, this submission contains a classified *Vaughn* index with

pertinent details for these documents.  These submissions were sufficiently thorough and detailed

to allow for appropriate judicial review of the agency's decision.  *See Campbell v. Dep't of*

*Justice*, 164 F.3d 20, 31 n.9 (D.C. Cir. 1998) (citing *Simon v. Dep't of Justice*, 980 F.2d 782, 784

(D.C. Cir. 1992) (noting that in special circumstances "'the solution is for the court to review the

document in camera' rather than passively accept an agency's unsubstantiated exemption 1

defense."); *see also Arieff v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1471 (D.C. Cir 1983);

*Lykins*, 725 F.2d at 1463.

Upon consideration of the information presented to the Court regarding the documents at

issue in this case and the government's determination that release of this information "reasonably

could be expected to result in identified damage to the national security,"  Def.'s Mot. Summ. J.,

ECF No. 26, at 12, the Court concludes that the defendant has amply sustained its burden of

showing that the documents at issue were properly withheld from disclosure under FOIA

exemption 1.  *See also Larson,* 565 F.3d at 865 ("If an agency's statements supporting

exemption contain reasonable specificity of detail as to demonstrate that the withheld

information logically falls within the claimed exemption and evidence in the record does not

suggest otherwise, . . . the court should not conduct a more detailed inquiry to test the agency's

judgment and expertise or to evaluate whether the court agrees with the agency's opinions.").

### C.  The Plaintiff's Objections to the Defendant's *Ex Parte* Submission are Unavailing

The plaintiff concedes that "national security concerns may justify the filing of a

classified declaration and *Vaughn* index in this case," but objects to the government's refusal to

provide even "banal information" regarding the withheld documents.  Pl.'s Opp'n Mot. Summ.

J., ECF No. 28, at 2.[4]  According to the plaintiff, the defendant's *Vaughn* index and associated

---

[4] The plaintiff argues that the government should be required to release information such as "[t]he date each record
was created; [t]he author of each record (or even the office or agency in which the author worked); [t]he number of

Case 1:11-cv-01437-BAH   Document 30   Filed 06/08/12   Page 13 of 15

declarations "spectacularly failed to provide *any* useful information that can be relied upon by [the plaintiff] to mount any sort of particularized opposition" and the defendant should not "be allowed to ride roughshod over the decades of FOIA jurisprudence since *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), simply by claiming national security concerns." *Id.* at 4. The plaintiff thus urges the Court to deny the defendant's summary judgment motion because the defendant's "unclassified filings do not allow him anything close to a meaningful opportunity to contest its claims." *Id.* at 5.

At the outset, the Court is cognizant of its responsibility to "make as much as possible of the in camera submission available to the opposing party" as is appropriate. *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996); *see Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 16 (D.D.C. 2009); *accord Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976) (instructing district courts "to create as complete a public record as possible" before electing to examine affidavits *in camera*, in order to obtain "the benefit of criticism and illumination" that is gained through participation by the opposing party's counsel) (internal citation omitted); *Lykins*, 725 F.2d at 1465 ("[W]e have held that a trial court should not use *in camera* affidavits unless necessary."). In this instance, however, no portion of the *in camera* submission is appropriate for disclosure since, as the defendant made clear, the submission contains "highly classified" information, "including information that is classified Top Secret." Def.'s Mot. Summ. J., ECF No. 26, at 13.

The plaintiff argues that he has been denied a meaningful opportunity to contest the basis for withholding the requested records. Pl.'s Opp'n Mot. Summ. J., ECF No. 28, at 5. Where, as here, the defendant's justifications for withholding records are submitted on an *ex parte, in*

---

pages in each record; [w]hether any record is actually about [the plaintiff]; and [a]ny information regarding the classification of each record (other than to say it was derivatively classified at some level at some point in time by unspecified other agencies)." Pl.'s Opp'n Mot. Summ. J., ECF No. 28, at 2-3.

Page **13** of 15

*camera* basis, the plaintiff is indisputably in a difficult position to contest the defendant's motion

for summary judgment.  The Court is also at a disadvantage since it does not have "benefit of

criticism and illumination by a party with the actual interest in forcing disclosure."  *Vaughn*, 484

F.2d at 825.  The Court must therefore scrutinize carefully the government's justifications for the

withholdings, which it has done in this case.

Based upon this review, the Court agrees with the defendant that even the "banal

information" regarding the documents that the plaintiff seeks in this case is properly classified.

Indeed, the D.C. Circuit has often recognized that national security concerns may override a

plaintiff's desire for information necessary to litigate FOIA claims.  *See*, *e.g., Oglesby v. U.S.*

*Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("The description and explanation the

agency offers should reveal as much detail as possible as to the nature of the document, without

actually disclosing information that deserves protection."); *see also Wolfe v. Dep't of Health &*

*Human Servs.*, 839 F.2d 768, 771 (D.C. Cir. 1988) (en banc) ("Where the [*Vaughn*] index itself

would reveal significant aspects of the deliberative process, this court has not hesitated to limit

consideration of the Vaughn index to *in camera* inspection.").  The law in this Circuit is well

settled that "the interests of the adversary process are outweighed by the nation's legitimate

interests in secrecy and orderly process for disclosure."  *Hayden v. NSA/CSS*, 608 F.2d 1381,

1385 (D.C. Cir. 1979).  To hold otherwise would disregard the underlying purpose of the FOIA

exemptions, which is to "ensure that the FOIA will not require disclosure of any such sensitive

material unless judicial scrutiny finds it warranted."  *Id.*

Upon review of the defendant's *in camera* classified submission, the Court concludes not

only that the documents responsive to the plaintiff's FOIA request are properly withheld under

FOIA exemption 1, but that considerations of national security appropriately preclude the

defendant from publicly releasing additional information regarding the documents. [5]

## IV.      CONCLUSION

  For the reasons stated above, the Court concludes that the defendant has sufficiently demonstrated that documents responsive to the plaintiff's FOIA request were properly withheld pursuant to FOIA exemption 1. Accordingly, the defendant's motion for summary judgment is GRANTED.

**DATED:  JUNE 8, 2012**
            *Beryl A. Howell*
            BERYL A. HOWELL
            United States District Judge

---

[5] The defendant also argues that all thirteen documents and associated electronic drafts responsive to the plaintiff's FOIA request are exempt from disclosure pursuant to FOIA exemption 5.  The Court need not reach this argument given that the documents fall under exemption 1.